UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| D CARONDELET PROPERTIES, LLC<br><br>v.<br><br>INDEPENDENT SPECIALTY INSURANCE COMPANY AND/OR CERTAIN UNDERWRITERS AT LLOYD'S | Case No. 2:22-cv-4052<br><br>Judge _____<br><br>Magistrate _____ |

## **NOTICE OF REMOVAL**

Defendants Certain Underwriters at Lloyds, London and Other Insurers Subscribing to Binding Authority No. B6045105686220021[1] and Independent Specialty Insurance Company (collectively, the "Defendant Insurers") remove to this Court the civil action filed by Plaintiff in the Civil District Court for the Parish of Orleans, Louisiana under 9 U.S.C. § 205 and 28 U.S.C. §§ 1331, 1441, and 1446. This case is removable under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (commonly known as the New York Convention) and 9 U.S.C. § 205 because (1) the insurance policy contains a written agreement to arbitrate; (2) the arbitration agreement falls under the New York Convention; and (3) the dispute relates to the arbitration agreement.

**I.    FACTUAL BACKGROUND**

**A.    The State Court Action**

1.    On August 26, 2022, Plaintiff filed its Petition for Damages in the case styled *D Carondelet Properties, LLC v. Independent Specialty Insurance Company, et al.*, in the Civil District Court for the Parish of Orleans, Case No. 22-7804 (the "State Court Action"). At the time

---

[1] Improperly named in the Petition for Damages as "Certain Underwriters at Lloyds."

of this removal, the only documents filed in the State Court Action are: (1) the Petition for Damages, (2) the Citations issued to each Defendant, and (3) the state court's Hurricane Case Management Order. Copies of all documents filed in the State Court Action are attached hereto as exhibits, as required by 28 U.S.C. § 1446(a).[2]

2.     In the State Court Action, Plaintiff seeks insurance coverage under an insurance policy for alleged damage to its property. Plaintiff's Petition alleges that the Defendant Insurers failed to pay amounts owed under the policy at issue.[3]

### B.     The Policy

3.     Plaintiffs' Petition alleges coverage under a commercial property policy provided by the Defendant Insurers for the property located at 1200 Carondelet Street, New Orleans, Louisiana 70130.[4] Policy No. 2019-803559-03, which had effective dates of June 24, 2021 to June 24, 2022 (the "Policy"), provides certain coverages for the property located at 1200 Carondelet Street, New Orleans, Louisiana 70130 (the "Property"), subject to the Policy's terms, conditions, limitations, and exclusions.[5] The Property is the subject of Plaintiff's Petition for Damages,[6] and Plaintiff D Carondelet Properties LLC is the named insured on the Policy.[7]

---

[2] **Exhibit A**, Petition for Damages, Citations to each Defendant, and Hurricane Case Management Order.

[3] **Exhibit A**, Petition for Damages.

[4] Plaintiff incorrectly listed "Policy Number QUOTE-2021-71413-03" in the Petition for Damages. **Exhibit A**, Petition for Damages, at ¶ 3. However, the correct policy number is 2019-803559-03, as evidenced by the Policy attached hereto as **Exhibit B**.

[5] **Exhibit B**, Policy, at p. 5 (Declarations).

[6] **Exhibit A**, Petition for Damages, at ¶ 2.

[7] **Exhibit B**, Policy, at p. 2 (Declarations).

4.      The Policy is an insurance contract between Plaintiff and the Defendant Insurers, including Certain Underwriters at Lloyds, London and Other Insurers Subscribing to Binding Authority No. B604510568622021.

5.      Certain Underwriters at Lloyd's, London refers to an unincorporated association of members that insure risks through the Lloyd's of London insurance market. These members often subscribe to risks through syndicates, which are administrative entities. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079 (11th Cir. 2010). The sole member subscribing to the Policy through the Lloyd's of London insurance market is RenaissanceRe Corporate Capital (UK) Limited ("RenRe Ltd."). RenRe Ltd. participated in the risk through the Lloyd's of London insurance market as the sole member of RenaissanceRe Syndicate 1458.[8]

6.      In addition to RenRe Ltd., RenaissanceRe Specialty U.S. LTD ("RenRe U.S.") subscribed to the Policy through binding agreement B604510568622021.

7.      RenRe Ltd. and RenRe US are foreign corporate entities.  Specifically:

    a.  RenRe Ltd. is a private limited company incorporated under the laws of England and Wales with principal place of business in England and Wales.[9]  RenRe Ltd. is a citizen of England and Wales.

    b.  RenRe U.S. is a private limited company incorporated under the laws of Bermuda, a territory of England and Wales, with its principal office in Bermuda.

8.      The Policy contains an arbitration provision (the "Arbitration "Agreement"), which states:

---

[8] **Exhibit B**, Policy, at p. 71 (Binding Authority Endorsement).

[9] **Exhibit C,** RenaissanceRe Corporate Capital (UK) Limited's Certificate of Incorporation and evidence of its principal place of business.

### H. Property Loss Conditions

The following Property Loss Conditions apply:

\* \* \*

4. **Arbitration Clause**

    All matters in dispute between you and us (referred to in this policy as "the parties") in relation to this insurance, including this policy's formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner described below.

    Unless the parties agree upon a single disinterested or impartial Arbitrator within thirty (30) days of one party receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his or her disinterested or impartial Arbitrator and give written notice to the Respondent (the party receiving notice of Arbitration). Within thirty (30) days of receiving such notice from the Claimant, the Respondent shall appoint his or her Arbitrator and give written notice to the Claimant.

    If the two Arbitrators fail to agree on the selection of the disinterested or impartial umpire within thirty (30) days of the appointment of the second named Arbitrator, each Arbitrator shall submit to the other a list of three Umpire candidates, each Arbitrator shall select one name from the list submitted by the other and the Umpire shall be selected from the two names chosen by a lot drawing procedure to be agreed upon by the Arbitrators. Unless the parties otherwise agree, the Arbitration Tribunal shall consist of disinterested or impartial persons presently or formerly employed or engaged in a senior position in insurance underwriting or claims.

    The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders which it may consider proper in the circumstances of the case, regarding pleadings, discovery, inspection of documents, examination of witnesses and any other matter relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall think fit.

    All costs of the Arbitration shall be in the discretion of the Arbitration Tribunal who may direct to, and by whom, and in what manner they shall be paid.

>Any Arbitration hearing shall take place in Nashville, Tennessee, unless some other locale is agreed by the Arbitrator or Arbitration Tribunal.
>
>The Arbitration Tribunal may not award exemplary, punitive, multiple or other damages of a similar nature.
>
>The award of the Arbitration Tribunal shall be in writing and binding. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.[10]

9. Under the arbitration provision in the Policy, Plaintiff and the Defendant Insurers agreed to arbitrate "[a]ll matters in dispute between [Plaintiff] and [its insurers] in relation to this insurance."[11]

10. Plaintiff claims that the Defendant Insurers failed to pay money owed under the Policy.[12] The Defendant Insurers dispute that anything is owed to Plaintiff under the Policy. This is a "matter in dispute in relation to this insurance" that must be referred to arbitration according to the Arbitration Agreement.

## II. JURISDICTION

11. This Court has original jurisdiction over this matter under 28 U.S.C. § 1331, which provides that federal courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. The Court's original jurisdiction is confirmed by 9 U.S.C. § 203, which states, "An action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States. The district

---

[10] **Exhibit B**, Policy, at pp. 37-38.

[11] *Id.* at p. 37.

[12] **Exhibit A**, Petition for Damages.

courts of the United States…shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."

12. Removal is proper under 9 U.S.C. § 205, which states, in pertinent part:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.[13]

13. Thus, under 9 U.S.C. § 205, removal is proper when (1) the parties' arbitration agreement falls under the New York Convention; and (2) the dispute relates to the arbitration agreement.[14] This provision is broadly construed. As the United States Court of Appeals for the Fifth Circuit has explained:

> Congress granted the federal courts jurisdiction over Convention cases and added one of the broadest removal provisions, § 205, in the statute books. So generous is the removal provision that we have emphasized that the general rule of construing removal statutes strictly against removal "cannot apply to Convention Act cases because in these instances, Congress created special removal rights to channel cases into federal court."[15]

14. In the instant case, removal is proper because the Arbitration Agreement falls under the New York Convention and this dispute relates to the Arbitration Agreement.

**A.   The Arbitration Agreement falls under the New York Convention.**

---

[13] 9 U.S.C. § 205 (emphasis added).

[14] *See also Rain CII Carbon, LLC v. ConocoPhillips Co.*, No. 09-cv-4169, 2009 WL 2599232, at *2 (E.D. La. Aug. 17, 2009).

[15] *Acosta v. Master Maint. & Constr.*, 452 F.3d 373, 377 (5th Cir. 2006) (quoting *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1213 (5th Cir.1991))

15. The Fifth Circuit has enumerated four requirements for an agreement to fall under the Convention: (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen.[16] "The 'Convention contemplates a very limited inquiry by the courts.' Resolving the question of whether the agreement falls under the Convention will ordinarily prove quick and easy, without requiring too much merits-like investigation by the district court."[17]

16. Here, the factors are clearly met: (1) the Policy's Arbitration Agreement is a written agreement to arbitrate this dispute; (2) the agreement provides for arbitration in Tennessee, and the United States is a Convention signatory;[18] (3) the agreement arises out of a commercial relationship between Plaintiff and the Defendant Insurers; and (4) two of the Defendant Insurers – RenRe Ltd. and RenRe U.S. – are not American citizens.[19] Moreover, because RenRe Ltd. is subscribed to the Policy through the Lloyd's of London insurance market in the United Kingdom, the Arbitration Agreement has a "reasonable relation" to a foreign state.[20]

---

[16] *Brittania-U Nigeria, Ltd. v. Chevron USA, Inc.*, 866 F.3d 709, 712 (5th Cir. 2017).

[17] *Beiser v. Weyler,* 284 F.3d 665, 672 n.7 (5th Cir. 2002) (quoting *Sedco, Inc. v. Petroleos Mexicanos Mexican National Oil Co*., 767 F.2d 1140, 1144 (5th Cir.1985)).

[18] UNITED NATIONS COMMISSION ON INTERNATIONAL TRADE LAW, *Status: Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York, 1958)*, https://uncitral.un.org/en/texts/arbitration/conventions/foreign_arbitral_awards/status2 (last visited Sept. 15, 2021).

[19] *See* **Exhibit C**, RenaissanceRe Corporate Capital (UK) Limited's Certificate of Incorporation and evidence of its principal place of business.

[20] Courts within the Fifth Circuit, including this Court, have consistently held that federal courts have original jurisdiction when evaluating arbitration provisions in insurance policies entered into with members of the Lloyd's of London insurance market. *See, e.g., Georgetown Home Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London*, No. 20-cv-102, 2021 WL 359735 (M.D. La. Feb. 2, 2021); *1010 Common, LLC v. Certain Underwriters at Lloyd's, London*, No. CV 20-2326, 2020 WL 7342752 (E.D. La. Dec. 14, 2020); *Woodward Design + Build, LLC v. Certain Underwriters at Lloyd's London*, No. 19-cv-14017, 2020 WL 5793715 (E.D. La. Sept. 29, 2020);

17.  The Fifth Circuit's four-part test is satisfied, and the Arbitration Agreement clearly falls under the Convention.

### B. The Dispute Relates to the Arbitration Agreement

18.  The subject matter of an action "relates to" an arbitration agreement under 9 U.S.C. § 205 when the action has some connection, relation, or reference to the arbitration agreement.[21] "The phrase 'relates to' 'conveys a sense of breadth' and 'sweeps broadly.'"[22] An assertion of claims against insurers related to coverage under a policy "relates to" an arbitration agreement contained in that policy.[23] "[A] clause determining the forum for resolution of specific types of disputes relates to a lawsuit that seeks the resolution of such disputes."[24]

19.  In this case, Plaintiff asserts claims for coverage under the Policy, which contains an arbitration provision requiring such claims to be resolved in arbitration. Accordingly, the subject matter of Plaintiff's action relates to the Arbitration Agreement.

20.  For the foregoing reasons, removal is proper under 9 U.S.C. § 205 because the Arbitration Agreement falls under the New York Convention and this dispute relates to the Arbitration Agreement.

### III. REMOVAL PROCEDURE

21.  Removal of this action is timely. Removal under 9 U.S.C. § 205 is broader than removal under the general removal statutes, 28 U.S.C. §§ 1441, 1446.[25] Pursuant to 9 U.S.C. § 205,

---

*Gulledge v. Certain Underwriters at Lloyd's, London*, No. CV 18-6657, 2018 WL 4627387 (E.D. La. Sept. 27, 2018).

[21] *Acosta*, 452 F.3d at 378-79.

[22] *Id.* at 377 (quoting *Beiser*, 284 F.3d at 669).

[23] *See id.* at 378-79.

[24] *Id.* at 379.

[25] *Acosta*, 452 F. 3d 377.

defendants may remove an action that relates to an arbitration agreement falling under the New York Convention "at any time before the trial thereof." Thus, the 30-day time period for removal under the general removal statutes does not apply to suits removed under 9 U.S.C. § 205.[26] Because this case is still in its beginning stages and trial has not begun, removal is timely under 9 U.S.C. § 205.

22. Removal is properly made to the United States District Court for the Eastern District of Louisiana under 28 U.S.C. § 1441(a) and 9 U.S.C. § 205 because Orleans Parish, Louisiana, where the State Court Action is pending, is within the territorial jurisdiction of this Court.

23. Consent of all defendants is not required for removal pursuant to 9 U.S.C. § 205.[27] Nonetheless, all Defendant Insurers join in this Notice of Removal.

---

[26] *McDermott Int'l, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199, 1212 (5th Cir. 1991) ("Under [28 U.S.C. §] 1441(d), a defendant may remove 'at any time before cause shown,' and under [9 U.S.C. §] 205, a defendant may remove 'at any time before the trial.' Other cases may be removed only within 30 days after the defendant receives a pleading."); *Gulledge v. Certain Underwriters at Lloyd's, London*, No. 18-cv-6657, 2018 WL 4627387, at *2 (E.D. La. Sept. 27, 2018) (finding that removal was timely because the defendant removed before the state court trial); *Viator v. Dauterive Contractors, Inc.*, 638 F. Supp. 2d 641, 649 (E.D. La. 2009) (same); *Amizola v. Dolphin Shipowner, S.A.*, 354 F. Supp. 2d 689, 696 (E.D. La. 2004) ("Section 205 . . . allows removal of proceedings pending in state court . . . at any time before trial, and the thirty day limitation of § 1446(b) does not apply."); *Simmons v. Sabine River Authority of La.*, 823 F. Supp. 2d 420, 426 (W.D. La. 2011) (30-day window for removal does not apply to removals based on the Convention); *Acosta v. Master Maintenance & Construction, Inc.*, 52 F. Supp. 2d 699, 705 (M.D. La. 1999) ("[T]he phrase, 'any time before trial,' as used in 9 U.S.C. § 205, means that removal may occur at any time before an adjudication on the merits.").

[27] *Acosta v. Master Maintenance and Construction, Inc.*, 52 F. Supp. 2d 699, 709 (M.D. La. 1999); *Viator v. Dauterive Contractors, Inc.*, 638 F. Supp. 2d 641, 651 n.15 (E.D. La. 2009); *Faulk v. Alcoa Inc.*, No. 16-cv-1461, 2017 WL 6821869, at *1 (W.D. La. Jan. 31, 2017); *Simmons v. Sabine River Authority of La.*, 823 F. Supp. 2d 420, 427 n.10 (W.D. La. 2011).

24. Promptly after filing this Notice of Removal with the Court, the Defendant Insurers will file written notice of the filing with the Clerk of the Court where the State Court Action is pending, in satisfaction of 28 U.S.C. § 1446(d).

25. All procedural requirements have been satisfied. Accordingly, removal is procedurally proper.

**WHEREFORE**, Defendants Certain Underwriters at Lloyds, London and Other Insurers Subscribing to Binding Authority No. B604510568622021 and Independent Specialty Insurance Company remove this action from the Civil District Court for the Parish of Orleans, Louisiana to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

**WOOD, SMITH, HENNING & BERMAN LLP**

*/s/ Ashley E. Bane*
Ashley E. Bane (La. Bar No. 35640)
Laci N. Hamilton (La. Bar No. 36771)
1100 Poydras Street, Suite 2900
New Orleans, Louisiana 70163
Phone:   (504) 386-9840
Fax:       (504) 386-9841
Email:   ABane@wshblaw.com
             LHamilton@wshblaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above has been served upon all counsel of record as follows, via electronic mail, fax, and/or U.S. Mail, this 20th day of October, 2022.

    Rico Alvendia
    J. Bart Kelly
    Jeanne Demarest
    Kurt Offner
    Jennifer Kuechmann
    Cassie Gailmor
    Alvendia, Kelly & Demarest, LLC
    909 Poydras Street, Suite 1625
    New Orleans, Louisiana 70112
    Telephone: (504) 200-0000
    Facsimile: (504) 200-0001
    Email: jeanne@akdlalaw.com
           rico@akdlalaw.com
           bart@akdlalaw.com
           kurt@akdlalaw.com
           jenniferk@akdlalaw.com
           cassie@akdlalaw.com

    AND

    Cesar Burgos
    Burgos and Associates
    3535 Canal Street
    New Orleans, Louisiana 70119
    Phone: (504) 488-3722
    Fax:   (504) 482-8525
    Email: cburgos@burgoslawfirm.com

*Attorneys for Plaintiffs*

                                              __/s/ Ashley E. Bane__